IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

HOMESAFE INSPECTION, INC.                                                                    PLAINTIFF

V.                                                                        CIVIL ACTION NO. 3:14-CV-209-SSA

JOHN HAYES, Individually, and d/b/a
HAYES HOME INSPECTIONS, and
PILLAR TO POST INC., a Delaware
Corporation                                                                                  DEFENDANTS

**ORDER**

Defendants have moved for attorneys' fees under FED. R. CIV. P. 54(d) and 35 U.S.C. § 285 and requested an order deeming this case "exceptional" and setting a schedule for submitting proof of the amount and reasonableness of attorneys' fees. Docket 127. Plaintiff opposes the motion, arguing that this case lacks any indicia that would make it "exceptional" under § 285. Plaintiff responds further that the United States Supreme Court's factors for awarding attorneys' fees in patent cases support a denial of fees in this case and that defendants' authority to support their motion for attorneys' fees is distinguishable from this case. Docket 129.

On January 28, 2016, the court found that because plaintiff HomeSafe 2014 did not hold enforceable title to the patent sued upon at the time it filed this lawsuit, it did not have the requisite standing to file suit. Docket 125, p. 11. The case was dismissed without prejudice, *with each party bearing its own costs*. Docket 126.

**STANDARD OF REVIEW**

Under 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." In evaluating a motion for attorneys' fees under § 285, a court must

1

first determine whether the movant is a "prevailing party." *See Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318, 1319-20 (Fed. Cir. 2004) ("The question in this case is whether USX is a 'prevailing party' and thus potentially eligible for the award of attorney fees and costs."). To be a "prevailing party," a party must have obtained "a court order carrying sufficient 'judicial imprimatur' to materially change the legal relationship of the parties." *Samsung Elecs. Co.*, *Ltd. v. Rambus, Inc.*, 440 F. Supp. 2d 495, 502 (E.D. Va. 2006) (quoting *Rice Services Ltd. v. United States*, 405 F.3d 107, 1026 (Fed. Cir. 2005)).

Once a court has determined that a party is a prevailing party, it must decide whether the case from which the motion arises is an "exceptional case." *See Inland Steel*, 364 F.3d at 1321. The burden is on the prevailing party to prove that the case is exceptional by a preponderance of the evidence. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). An "exceptional case" is one that "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 1756. Courts make their determinations of exceptionality on a case-by-case basis and consider the totality of the circumstances in making those determinations. *Id.*

In *Octane* the Court provided a nonexclusive list of factors that a district court should consider in determining whether a case is exceptional: (1) frivolousness; (2) motivation; (3) objective unreasonableness (both in the factual and legal components of the case; and (4) the need in particular circumstances to advance considerations of compensation and deterrence. *Octane* at n. 6, citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n. 19 (1994).

If prevailing party status and exceptionality are established, a court has discretion to

2

award reasonable attorney's fees. *Superior Fireplace Co. v. Majestic Prods. Co.*, 270 F.3d 1358, 1378 (Fed. Cir. 2001). A court's discretion to award attorney's fees under § 285 is fairly broad and may include consideration of tangible and intangible factors. *Superior Fireplace*, 270 F.3d at 1378; *see also Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1749 (2014).

## DISCUSSION

In this case, both qualifications under § 285 are at issue: namely, (1) whether defendants are a "prevailing party" for the purposes of § 285, and (2) whether this is an "exceptional case" under § 285.

### Prevailing Party

Numerous statutes include fee-shifting provisions for prevailing parties. Because "prevailing party" is not defined in many of those statutes, courts have applied the ordinary meaning of the term and interpreted it "without distinctions based on the particular statutory context in which it appears." *Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 274 (4th Cir. 2002). As noted, *Rice Services Ltd.* held that to be found "prevailing," the party must have obtained "a court order carrying sufficient 'judicial imprimatur' to materially change the legal relationship of the parties." 405 F.3d 1017, 1026. Examples of court orders carrying "sufficient judicial imprimatur" include "enforceable judgment[s] on the merits," "court-ordered consent decree[s] that materially alter the legal relationship between the parties," and "equivalent[s] of either of those. *Samsung Electronics Co., Ltd. v. Rambus, Inc.*, 440 F. Supp. 2d 495, 502 (E.D.Va.2006). A party who has not "receive[d] at least some relief on the merits" cannot be said to be a prevailing party. *Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318, 1320 (Fed. Cir. 2004),

3

quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va Dep't of Health & Human Res.*, 532 U.S. 598, 603-05 (2001).

There are, however, circumstances other than a judgment on the merits or consent decree that may support a finding that a party has prevailed. *See Rice Services Ltd.,* 405 F.3d at 1025. Dismissals *with* prejudice may support labeling a party as prevailing, because these dismissals are treated as adjudications on the merits and alter the legal relationship between the parties through their *res judicata* effects. *See Highway Equipmet Co. v. FECO, Ltd.*, 469 F.3d 1027, 1035 (Fed. Cir.2006). However, courts have expressly found some outcomes insufficient to confer prevailing party status, including private settlements not enforced by consent decrees, a party's voluntary change in conduct, and orders remanding issues to lower federal courts. *See, e.g., Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598, 604, n. 7, 605 (2001).

Under these precedents, the defendants do not qualify as "prevailing parties" under 35 U.S.C. § 285. Defendants were successful in their motion to dismiss due to lack of standing, but the merits of the case were left undecided. Unlike dismissals *with* prejudice, this court's January 28, 2016 order dismissing this case *without* prejudice for lack of standing does not operate as an adjudication on the merits, and it does not qualify as merits-based relief. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 503-06 (2001) (holding that an adjudication on the merits is "the opposite of a 'dismissal without prejudice,'" and finding the "primary meaning of 'dismissal without prejudice'. . . is dismissal without barring the plaintiff from returning later"). Since a party who has not "receive[d] at least some relief on the merits" cannot be said to be a prevailing party, see *Inland Steel*, 364 F.3d at 1320, the January 28, 2016 dismissal order cannot

4

confer prevailing party status on defendants. For these reasons, the undersigned finds that defendants are not "prevailing parties" under 35 U.S.C. § 285, and are thus precluded from an award of attorneys' fees.

## *Octane* Factors

Even if the defendants were considered to be "prevailing parties, " the court would nevertheless find this case not "exceptional" within the meaning of § 285.

### 1.     Frivolousness

To be considered frivolous or objectively baseless, the infringement allegations must be such that "no reasonable litigant could reasonably expect success on the merits." *Lumen View Technology, LLC v. Findthebest.com, Inc.*, 24 F. Supp. 3d 329, 335 (S.D.N.Y. 2014), citing *Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH*, 524 F.3d 1254, 1260 (Fed. Cir. 2008). A frivolous patent infringement suit, for purposes of awarding attorney fees, is one which the patentee knew or, on reasonable investigation, should have known was baseless. *Stephens v. Tech Intern., Inc.*, 393 F.3d 1269 (Fed. Cir. 2004).

The court dismissed HomeSafe 2014's claims based on lack of standing without prejudice, not on the lack of merit of plaintiff's infringement claims, meaning the merits of the case were never and could not properly have been reached. A case is not exceptional "merely because a party has a good faith belief that there is standing to sue but is ultimately incorrect." *Clouding IP, LLC v. EMC Corp.*, No. 13-1355-LPS, 2015 WL 5766872, at *2 (D. Del. Sept. 30, 2015).

As the court found in its January 28, 2016 Order, Mississippi law is "unclear whether an administratively dissolved corporation may now engage in any activity at all once it has been

administratively dissolved by the state." Docket 125, p. 5. The defendants argue that because HomeSafe 2003 was dissolved at the time of the transfer of the patent, "it was objectively unreasonable to file the lawsuit knowing these facts and the standing issues they created." Docket 128, p. 21. However, Miss. Code. Ann. § 79-4-14.22(c)(1)-(3) does not address the effect reinstatement has on interim acts by a corporation – other than incurring liabilities – between the time of administrative dissolution and the time of reinstatement. Until this court issued its order determining that the initial transfer between HomeSafe 2003 and HomeSafe 2014 was statutorily invalid and that the reinstatement statute did not apply retroactively, plaintiff had no statutory authority or legal ruling to lead it to believe that this transfer was anything but a valid act of "winding up" as permitted for administratively dissolved corporations. Because this case was decided on an issue of first impression under Mississippi law, the court finds that plaintiff's case was not frivolous on the merits.

**2. Motivation**

Defendants argue that HomeSafe's business plan revolves solely around licensing its patents, and that in doing so, plaintiff regularly alleges infringement, offers a license to use the patents for a fee, and threatens a lawsuit if the license is not purchased. Docket 131, p. 9. Defendant criticizes plaintiff for bringing suit against businesses who use any sort of infrared technology, the court declines to find this case exceptional simply because plaintiff did something that is expressly allowed and contemplated by the Patent Act. *See* 35 U.S.C. § 271(a) ("[W]hoever without authority. . .uses. . .any patented invention, within the United Sates...infringes the patent.").

This court declines to find a nefarious motive on behalf of HomeSafe simply because

6

HomeSafe asserted a patent claim, and has asserted patent claims in the past. Defendant has offered no evidence that any court has actually ruled on plaintiff's patent claim. Concluding that plaintiff acted out of nefarious motives would require a speculative inference that plaintiff was a patent assertion entity engaged solely in a predatory strategy aimed at reaping financial advantage from the inability or unwillingness of defendants to engage in litigation against even frivolous patent lawsuits. *See Lumen View Tech., LLC v. Findthebest.com, Inc.*, 24 F. Supp. 3d 329, 336 (S.D.N.Y. 2014).

### 3. Objective Unreasonableness

Defendants argue that plaintiff acted "objectively unreasonably" in litigating this case. In support, defendants make several arguments: (1) plaintiff initially alleged that it owned "title" to the '377 patent and subsequently changed its position on an "insider asset transfer and Licence Agreement for purposes of standing; (2) plaintiff knew or should have known that the transfers set forth in the unanimous consents were facially invalid; (3) plaintiff attempted to conceal different corporations with the same name; and (4) plaintiff refused to produce HomeSafe 2003's bylaws and other corporate governance documents.

All of the arguments asserted by plaintiff ultimately relate to the standing issue created by the two HomeSafe entities. The question that was litigated was not whether HomeSafe 2003 had held all rights and title to the valid '377 patent, but whether Mississippi law allowed an administratively dissolved corporation to transfer a patent *after* it had been administratively dissolved. It would be a large leap for the court now to award defendants hundreds of thousands of dollars in attorneys' fees because HomeSafe *should have* known that the transfer was invalid instead of winding-up as permitted for administratively dissolved corporations. Furthermore,

7

plaintiff refused to produce documents *after* discovery was stayed pending resolution of defendants' motion to dismiss. Therefore, its refusal to produce the bylaws and other corporate governance documents was not unreasonable.

### 4. Considerations of Compensation and Deterrence

Finally, defendants argue that this court should award attorneys' fees to deter future patent assertion entities from filing infringement lawsuits without properly investigating the chain of title. Where relevant, a court may consider the need to deter future frivolous litigation as a factor in making an exceptional case determination. *Octane*, 134 S. Ct. at 1756, n. 6. The need for the deterrent impact of a fee award is greater where there is evidence that the plaintiff is a "patent troll" or has engaged in extortive litigation. *See Lumen View Technology, LLC v. Findthebest.com, Inc.*, 24 F. Supp. 3d 329, 336 (S.D.N.Y. 2004) (awarding fees where plaintiff's boilerplate complaint, failure to enjoin the allegedly infringing conduct, and commencement of several lawsuits in a short time frame suggested a desire to extract a nuisance settlement rather than vindicate a patent).

Because the court has found no evidence that plaintiff brought this case in bad faith or that it engaged in egregious litigation misconduct, an award of fees is not necessary to serve the aims of deterrence and compensation.

### **CONCLUSION**

In its discretion, and based on a totality of the circumstances, the court concludes that defendants are not "prevailing parties" under 35 U.S.C. § 285, and that this is not an "exceptional" case under the Patent Act. This case is not one that "stands out from others with respect to substantive strength of a party's litigating position, considering both the governing law

8

and the facts of the case, or the unreasonable manner in which the case was litigated." *Octane*, 134 S. Ct. at 1756, 1758. Accordingly, the court sees no reason to stray from the American Rule, and defendants' motion for attorneys' fees is DENIED.

This, the 2nd day of March, 2016.

                                                              /s/ S. Allan Alexander
                                                              UNITED STATES MAGISTRATE JUDGE